[Civ. No. 6918. Second Appellate District, Division One.—December 15, 1931.]

JAMES McEWAN, Appellant, v. FRANK BRYSON, Administrator, etc., Respondent.

James W. Creede for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

HOUSER, J.—Plaintiff brought an action against defendant as administrator of the estate of one Thomas S. Loughtwry, deceased, for services alleged to have been performed by plaintiff for, and at the instance and request of, said deceased, as well as for money lent by plaintiff to said deceased during his lifetime. From a judgment in favor of defendant, plaintiff has appealed to this court.

It appears that in support of his claim against the estate of the decedent, plaintiff produced two books, one of which, kept by plaintiff, was a purported ledger account between him and Thomas S. Loughtwry, and the other a copy of the same. With reference thereto, in substance the plaintiff testified that the ledger account between him and Loughtwry was a part of a book of accounts kept by plaintiff in connection with and in the course of his business, and that it contained the original entries as to each item therein set forth. Another witness testified to the fact that he was employed by Loughtwry to examine his account with plaintiff; also to employ the latter to repair some houses which were owned by the former; that after having made an examination of the said account in the presence of plaintiff, he "went over it with Mr. Loughtwry . . . He (Loughtwry) stated it was O. K., . . . and asked me to see if I could get a loan to pay this claim that he owed Mr. McEwan." The witness also stated that he was present "when the biggest part of it (the money) was loaned" by plaintiff to Lought-

wry, and that he saw some of the entries made in the book. On direct examination the same witness testified to other facts which tended to establish the accuracy of the claim presented by plaintiff and upon which the action depended. However, on cross-examination the witness became very much confused not only as to dates and events regarding which he had testified on his examination in chief, but as well on several different occasions contradicted his earlier statements in important particulars. The record also discloses the fact that by the testimony given by two experts on handwriting, the testimony given by plaintiff was also impeached not only as to the genuineness generally of the ledger account said to have been kept by plaintiff, but particularly as to certain alleged signatures of Mr. Loughtwry which appeared in the copy of the ledger account, by each of which he was presumed to have acknowledged his indebtedness to plaintiff as to various and sundry items which appeared in said account.

■ Numerous authorities attest the general rule that the credibility to be attached to the testimony of a witness is a question solely for the determination of the trial judge. (2 Cal. Jur. 916, and authorities there cited.) By the findings of fact, it appears that the trial court concluded that as a matter of fact neither the testimony given by plaintiff, nor that given by his supporting witness, was true. Considering such situation, together with the rule to which attention has been directed, it becomes plain that in the exercise of the proper functions of this tribunal the conclusion reached by the trial court may not be disturbed.

■ Appellant also complains that on the trial of the action the trial court committed error in sustaining an objection interposed by counsel for defendant by which action plaintiff was prevented from testifying regarding the correctness of his book account. But in view of the finding of fact by the trial court, to the effect that the remainder of the testimony given by plaintiff was untrue, it becomes apparent that had plaintiff been permitted to answer the question and had replied thereto in substance that his account against Loughtwry was correct in every particular, such testimony could have added no weight to his case in general, but that such testimony, as far as its credibility was concerned, would have met the same fate as did the

testimony of plaintiff which was admitted in evidence. It therefore becomes manifest that the error (if any) to which attention has been directed was of no moment, as far as it might have affected the judgment in the action.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.